UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YVONNE DERRILL EWANS, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:08-cv-1395-M |
| WELLS FARGO BANK, N.A., | § § | |
| Defendant. | § § § § | |

## **MEMORANDUM OPINION & ORDER**

Before the Court is the Plaintiffs' Motion for Leave to Amend Complaint and Conditional Motion to Remand [Docket Entry #5]. For the reasons below, the Motion is **DENIED**.

*Background and Procedural History*

Plaintiffs Yvonne Derrill Ewans, Camille Lewis, Individually and as Next Friend of Laurie Satchel, Saravanan Rathinasabapathy, and Nithya Saravanan ("Plaintiffs") have brought this suit because of an incident at a Wells Fargo Bank that occurred in September, 2007. According to the Complaint, Plaintiffs Ewans and Rathinasabapathy entered a Wells Fargo Bank branch in Frisco, Texas, so that Mr. Rathinasabapthy could obtain a loan to buy Mr. Ewan's car. The two men discussed the terms of the loan with Wells Fargo personal banker Matt Palmer, with whom they had previously arranged to meet. Mr. Rathinasabapathy's wife, Plaintiff Nithya Saravanan, joined them approximately thirty-five minutes after they arrived. Plaintiffs allege that another Wells Fargo personal banker, Cindy Pirrello ("Pirrello"), became suspicious of Plaintiffs and pressed the "silent alarm" button to alert the Wells Fargo central security

1

department of a possible robbery in progress. The bank's security department connected Pirrello to the Frisco 911 emergency dispatcher, and Pirrello told the police that Plaintiffs were "acting suspicious," wouldn't take off their sunglasses, and had been talking on their cell phones since they arrived. Another Wells Fargo employee, Chris Maiwald ("Maiwald"), also allegedly spoke to the police, disagreeing with Pirrello's belief regarding the likelihood of a robbery, but agreeing that one of the men was highly suspicious and requesting a police presence. Because of these reports, Frisco police officers arrived at the bank, allegedly with assault rifles drawn, and forcibly arrested several of the Plaintiffs.

Shortly after the incident, Plaintiffs filed a Verified Petition for Depositions Before Suit pursuant to Texas Rule of Civil Procedure 202, in the 298th Judicial District of Dallas County, Texas. In support of their Petition, Plaintiffs stated that one of the reasons for filing the Rule 202 Petition was to take depositions to help identify potential defendants. The Petition was granted, and Mai Vo, a Wells Fargo employee, was deposed on March 3, 2008. Vo testified that both Pirrello and Maiwald were responsible for summoning the police. Plaintiffs, Texas residents, brought suit in the 192nd Judicial District of Dallas County, Texas on July 10, 2008, asserting multiple causes of action against Wells Fargo Bank, N.A., a South Dakota corporation, but not against any individual Wells Fargo employee. On August 11, 2008, Wells Fargo removed the case to this Court, on diversity grounds. On August 26, 2008, Plaintiffs filed the instant Motion, which seeks to join Maiwald, a Texas resident, as a Defendant. If the Court were to grant the Motion, the joinder of Maiwald would destroy complete diversity and the Court would remand the case to state court.[1] Defendant opposes this Motion, claiming that Plaintiffs seek to join Maiwald only to defeat diversity.

---

[1] *See McNeel v. Kemper Cas. Ins. Co.*, No. 3:04-CV-0734-G, 2004 WL 1635757 (N.D. Tex July 21, 2004) (Fish, C.J.) (granting motion to remand based on destruction of complete diversity).

2

*Legal Standard*

When a plaintiff seeks to join additional defendants whose joinder would destroy diversity, 28 U.S.C. § 1447(e) gives the court discretion to deny joinder and retain the case, or allow joinder and remand it to state court. In determining whether to allow a non-diverse party to be joined, courts in this Circuit consider four factors outlined in the Fifth Circuit case *Hensgens v. Deere & Co.*: (1) whether plaintiffs' purpose is to defeat federal jurisdiction; (2) whether plaintiffs have been dilatory in asking for an amendment; (3) whether plaintiffs will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.[2]

*Analysis*

As to the first factor, the Court believes that Plaintiffs' purpose in joining Maiwald is to defeat diversity jurisdiction. The timeline of this case strongly supports this conclusion. Plaintiffs knew of Maiwald's identity when they took Mai Vo's deposition on March 3, 2008. Plaintiffs filed their state court lawsuit on July 10, 2008, having full knowledge of Maiwald's involvement in the incident, but did not name him as a Defendant. Plaintiffs made no attempt to join Maiwald during the month that the case was pending in state court. Plaintiffs sought to add Maiwald barely one week after the case was removed. As the Fourth Circuit has observed, "[e]specially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction."[3]

Plaintiffs claim that their attempt to join Maiwald is not purely tactical, but instead is

---

[2] *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987); *see Alba v. Southern Farm Bureau Cas. Ins. Co.*, No. 3:08-CV-0842-D, 2008 WL 4287786 at *1 (N.D. Tex. Sept. 19, 2008) (Fitzwater, C.J.).
[3] *McNeel v. Kemper Casualty Ins. Co.*, No. 3:04-CV-0734-G, 2004 WL 1635757 at *2 (N.D. Tex. July 21, 2004) (Fish, C.J.), *citing Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999).

necessary to achieve complete relief because Maiwald is a joint tortfeasor and may be held jointly and severally liable for the harms they suffered. However, Plaintiffs have detailed Cindy Pirrello's similar involvement in summoning the police, but they have not sought to join her. The natural explanation for why Plaintiffs seek to join one banker and not the other is that the joinder of one is all that is needed for Plaintiffs' attempt to defeat diversity.

As to the second factor, the Court finds that Plaintiffs were dilatory. They have given no explanation as to why they waited from March until August to attempt to join Maiwald. The short gap between the date of removal and the attempted joinder says nothing about Plaintiffs' prior delay in seeking to join Maiwald. The timing in this case is very similar to that in *Sanders ex rel. Sanders v. General Motors Corp.*, in which this Court found dilatory a motion for amendment filed nine months after suit, but only one day after the plaintiff was served with defendant's notice of removal.[4]

As to the third factor, there is no evidence that Plaintiffs will be significantly injured by a refusal to join Maiwald. If they wish, Plaintiffs may pursue claims against Maiwald in a separate state court lawsuit, which would obviously generate additional expense and parallel litigation, but there is insufficient evidence to conclude that such a burden would cause *significant* injury. Plaintiffs may still recover against Maiwald in state court in a separate proceeding.

The Court concludes that there are no other issues bearing on the equities, which is the fourth and final factor.

*Conclusion*

As this Court has stated, "[j]urisdiction is not so malleable that Plaintiffs can creatively forum shop through manipulation of the Rules."[5] As analyzed above, Plaintiffs' Motion for

---

[4] No. 01-CV-1579-M, 2001 WL 1297443 at *3 (N.D. Tex. Oct. 10, 2001) (Lynn, J.).
[5] *Sanders*, 2001 WL 1297443 at *3.

4

Leave to Join Additional Defendants is **DENIED**. The Court therefore retains diversity jurisdiction over this case, and thus the Conditional Motion to Remand is also **DENIED**.

    **SO ORDERED.**

    November 21, 2008.

                                _____
                                **BARBARA M. G. LYNN
                                UNITED STATES DISTRICT JUDGE
                                NORTHERN DISTRICT OF TEXAS**