UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YVONNE DERRILL EWANS, CAMILLE LEWIS, Individually and as Next Friend of LAURIE SATCHEL, SARAVANAN RATHINASABAPATHY AND NITHYA SARAVANAN,<br><br>*Plaintiffs,*<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>*Defendant.* | § § § § § § § § § § § § § § | Civil Action No. 3-08CV1395-M |

**WELLS FARGO BANK, N.A.'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") files this motion for summary judgment and in support states as follows:

**I.   Summary**

1.   Plaintiffs allege claims against Wells Fargo for false imprisonment, gross negligence, assault, defamation, invasion of privacy and intentional infliction of emotional distress. Wells Fargo seeks summary judgment as to all claims alleged by Plaintiffs. As set forth more fully in Wells Fargo's Brief in Support of its Motion for Summary Judgment, none of these claims are supported by the facts. To the contrary, each claim fails as a matter of law. Thus, summary judgment is in order.

2. Specifically, Wells Fargo is entitled to summary judgment on Plaintiffs' claim for false imprisonment because as a matter of law Plaintiffs are unable to establish that there was a willful detention by Wells Fargo, that such detention was without consent or that the detention was without authority of law.

3. Wells Fargo is entitled to summary judgment on Plaintiffs' claim for negligence because as a matter of law Plaintiffs cannot establish that Wells Fargo owed a duty to Plaintiffs, that there was a breach of any duty or that Plaintiffs sustained damages proximately caused by that breach.

4. Wells Fargo is entitled to summary judgment on Plaintiffs' claim for gross negligence because, in addition to being unable to establish the elements of negligence, as a matter of law Plaintiffs cannot establish that there was an act or omission by Wells Fargo which, when viewed objectively at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of harm to others, or that Wells Fargo had actual subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.

5. Wells Fargo is entitled to summary judgment on Plaintiffs' claim for assault because as a matter of law Plaintiffs cannot establish that Wells Fargo's employees intentionally, knowingly or recklessly caused bodily injury to Plaintiffs, intentionally or knowingly threatened Plaintiffs with imminent bodily injury, or intentionally or knowingly caused physical contact with Plaintiffs or should have reasonably believed that Plaintiffs would regard any contact as offensive or provocative.

6. Wells Fargo is entitled to summary judgment on Plaintiffs' claim for defamation because as a matter of law Plaintiffs cannot establish that Wells Fargo made any false and

"defamatory" statement concerning Plaintiffs, that Wells Fargo published or permitted the "publication" of any defamatory statement to a third party without a legally recognized privilege to do so or that Wells Fargo caused special harm to result from publication of any defamatory statement.

7.   Wells Fargo is entitled to summary judgment on Plaintiffs' claim for invasion of privacy because as a matter of law Plaintiffs cannot establish that Wells Fargo intentionally intruded on Plaintiffs' private affairs in a manner that would be offensive to a reasonable person.

8.   Lastly, Wells Fargo is entitled to summary judgment on Plaintiffs' claim for intentional infliction of emotional distress because as a matter of law Plaintiffs cannot establish that Wells Fargo's employees acted intentionally or recklessly, that any alleged conduct by Wells Fargo's employees was extreme and outrageous, that Wells Fargo's actions caused Plaintiffs emotional distress or that Plaintiffs' emotional distress, if any, was severe.

## II.   Summary Judgment Evidence

6.   In addition to the pleadings on file, Wells Fargo's Motion for Summary Judgment is based on the summary judgment evidence included in any appendix and incorporated herein by reference, including the following:

| | |
|---|---|
| Exhibit A: | Affidavit of Cindy Pirrello – APP. 0001 through 0005; |
| Exhibit A-1: | City of Frisco "9-1-1" Transcript – APP. 0006 through 0009; |
| Exhibit B: | Affidavit of Chris Maiwald – APP 0010 through 0013; |
| Exhibit C: | Affidavit of Jeffrey Gardner – APP. 0014 through 0015; |
| Exhibit C-1: | Corporate Central Monitoring Station Transcript – APP. 0016 through 0017; |
| Exhibit D: | Frisco Police Department Reports – APP. 0018 through 0026. |

### III.   Grounds for Summary Judgment

In accordance with Local Rule 56.3(b), each of the required matters set forth in Local Rule 56.3(a)(2) and (3) is contained in Wells Fargo's Brief in Support of its Motion for Summary Judgment filed contemporaneously with this Motion.

WHEREFORE, Wells Fargo requests that the Court grant this Motion in its entirety, enter summary judgment that Plaintiffs take nothing by their claims and grant Wells Fargo such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ Shayne D. Moses
**Shayne D. Moses**
State Bar No. 14578980
**Tawanna Lynn Cesare**
State Bar No. 24040665
**Alyson C. Halpern**
State Bar No. 24065796
**MOSES, PALMER & HOWELL, L.L.P.**
Oil & Gas Building
309 W. 7th Street, Suite 815
Fort Worth, Texas 76102
817/255-9100
817/255-9199 (Fax)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on the 24th day of April, 2009, a true and correct copy of the foregoing Motion for Summary, and all exhibits thereto, was served on Royce West and Michael Gruber, counsel for Plaintiffs, via certified mail, return receipt requested, as follows:

Royce West
WEST & ASSOCIATES L.L.P.
320 S. R.L. Thornton Frwy., Suite 300
Dallas, Texas 75203

G. Michael Gruber
GRUBER HURST JOHANSEN & HAIL, LLP
Fountain Place
1445 Ross Avenue, Suite 4800
Dallas, Texas 75202

/s/Shayne D. Moses
**Shayne D. Moses**

l:\wells fargo\ewans federal\pleadings\federal court pleadings\msj-final.doc