UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YVONNE DERRILL EWANS, CAMILLE LEWIS, Individually and as Next Friend of LAURIE SATCHEL, SARAVANAN RATHINASABAPATHY AND NITHYA SARAVANAN,<br><br>*Plaintiffs,*<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>*Defendant.* | § § § § § § § § § § § § § § § § | Civil Action No. 3:08CV-1395-M-ECF<br>Judge: Barbara M. G. Lynn |

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSE TO PLAINTIFFS' OBJECTIONS AND MOTION TO STRIKE AFFIDAVITS OF CINDY PIRRELLO, CHRIS MAIWALD, AND JEFFREY GARDNER AND ATTACHMENTS**

Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") files this response to Plaintiffs' Objections and Motion to Strike Affidavits of Cindy Pirrello, Chris Maiwald, and Jeffrey Gardner and Attachments and would show the Court as follows:

**I.**

**Summary**

1.  Plaintiffs object to Exhibits A, A-1, B, C-1 and D, attached to Wells Fargo's Motion for Summary Judgment. Exhibits A-1, C-1 and D consist of a 911 transcript, a transcript of a conversation between Wells Fargo employees and Wells Fargo's Corporate Monitoring Station ("CMS"), and police records respectively. Plaintiffs object to these exhibits on the grounds that the original and/or a duplicate of the actual recordings were not submitted in

violation of the best evidence rule and that the transcripts and police records were not properly authenticated.

2. However, Plaintiffs submitted as Exhibits M, Q, S, T and V to their response to Wells Fargo's Motion for Summary Judgment certified duplicate recordings and certified transcripts from the 911 call and the call between Wells Fargo employees and CMS, as well as properly authenticated copies of the police records contained in Exhibit D. Moreover, a review of Plaintiffs' Exhibits M, Q, S, T and V demonstrates that substantively, they contain the same information as Wells Fargo's Exhibits A-1, C-1 and D. Therefore, regardless of the merits of Plaintiffs' objections to Wells Fargo's Exhibits A-1, C-1 and D, this evidence is properly before the Court as part of the summary judgment record. To the extent necessary, Wells Fargo hereby adopts Plaintiffs' Exhibits M, Q, S, T and V in support of its summary judgment motion. As this should make Plaintiffs' objections to Wells Fargo's Exhibits A-1, C-1 and D moot, Wells Fargo will not further address these objections.

3. Plaintiffs also object to various statements made in the affidavits attached to Wells Fargo's motion for summary judgment as Exhibits A and B. Specifically, Plaintiffs allege that various statements contained in the affidavits are "contrary to previous discovery," without ever identifying the discovery to which they are referring or the manner in which the statements differ from the unidentified discovery. These objections are baseless, and Plaintiffs have not even attempted to explain the grounds on which they were asserted. Thus, Plaintiffs' objections that statements made in Wells Fargo Exhibits A and B are contrary to discovery should be overruled. Plaintiffs' remaining objections to the affidavits will be addressed in detail below.

II.

## RESPONSE TO SPECIFIC OBJECTIONS

### A.  *Wells Fargo Exhibit A*

4.  Exhibit A to Wells Fargo's Motion for Summary Judgment is an affidavit from Cindy Pirrello, a bank teller for Wells Fargo who was on duty at the time of the incident made the subject of this lawsuit. Plaintiffs first object to the following statement contained in paragraph 2 of Exhibit A as lacking foundation and being hearsay:

> "Neither I nor any of the other Wells Fargo employees recognized any of the Plaintiffs or knew them as customers of Wells Fargo."

Ms. Pirrello's statement regarding her own personal lack of recognition or knowledge of Plaintiffs is clearly admissible and does not lack foundation. Ms. Pirrello's statement regarding other Wells Fargo employees is a closer call. However, Ms. Pirrello is entitled to state her observations of the events that unfolded on the day in question, and to the extent that the above quoted statement expresses Ms. Pirrello's observations, this statement is admissible as a first hand account.

5.  Plaintiffs also object to the following statements within paragraph 4 of Ms. Pirrello's affidavit as being contrary to previous discovery and as being hearsay:

> "I told the dispatcher I was uncertain whether Mr. Ewans had a gun";
>
> Statements about the conversation between Mr. Maiwald and the 911 dispatcher beginning with "I heard Mr. Maiwald disclose to the 911 dispatcher ..."

The first statement quoted above is a first hand account of what Ms. Pirrello told the 911 dispatcher and thus, is not hearsay. Plaintiffs' objection as being contrary to previous discovery is addressed above. The second statement relates to Ms. Pirrello's first hand observation of the conversation between Mr. Maiwald and the 911 dispatcher. These statements are not being offered to prove the truth of what Mr. Maiwald told the dispatcher; but instead, are simply being

offered to show what Ms. Pirrello heard Mr. Maiwald tell the dispatcher. Rule 801(c), Federal Rules of Evidence, defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. "Implicit in both the definition and justification for the rule, however, is the recognition that whenever an out-of-court statement is offered for some purpose other than to prove the truth of the matter asserted, the value of the statement does not rest upon the declarant's credibility and, therefore, is not subject to attack as hearsay.[1] The value of the statements made by Mr. Maiwald does not rest on his credibility. Rather, the value of his statements lies in the mere fact that he made them to the dispatcher. In this instance, Ms. Pirrello's account of Mr. Maiwald's conversation with the dispatcher is not hearsay. In any event, Mr. Maiwald confirms Ms. Pirrello's account of the conversation in his affidavit attached to Wells Fargo's motion as Exhibit B.

6. Plaintiffs next object to the following statement within paragraph 6 of Ms. Pirrello's affidavit as lacking foundation and being conclusory:

> "Neither I nor any other Wells Fargo employees provided any direction to the Frisco police and had nothing to do with the officer's conduct. We neither had nor attempted to exert any control over the police or the manner in which they handled the situation."

Ms. Pirrello was present during the entire incident and is simply giving a first hand account of the events that took place. From her vantage point, as evidenced by her depiction of the incident in her affidavit, Ms. Pirrello would have been able to see if any Wells Fargo employees provided any direction to or exerted control over the Frisco Police or in any way influenced their conduct. Additionally, Ms. Pirrello was present during both her conversation and Mr. Maiwald's conversation with the 911 dispatcher; thus, she has personal knowledge of how the incident was

---

[1] *United States v. Parry*, 649 F.2d 292, 294-95 (5th Cir.1981).

reported to the Frisco Police. The entirety of Ms. Pirrello's affidavit provides a more than adequate foundation for the above quoted statement. Furthermore, the statements are not conclusory and are supported by facts set out in the affidavit. Even if the court were to strike those portions of Ms. Pirrello's affidavit that reference the actions or observations of other Wells Fargo employees, the court should still consider the portions of the affidavit referencing Ms. Pirrello's own actions and observations.

7. Plaintiffs next object to all statements contained in paragraph 7 of Ms. Pirrello's affidavit as lacking foundation, lacking personal knowledge and being hearsay. Paragraph 7 of Ms. Pirrello's affidavit relates to a security alert received by the Legacy Branch wherein Wells Fargo employees were put on notice of a robbery at a nearby branch. Ms. Pirrello's account of the contents of the security alert is not being offered to prove the truth of the contents. Rather, it is being offered to prove her and other Wells Fargo employees' knowledge of the contents of the security alert and their heightened sense of awareness based on that knowledge. Thus, it is not hearsay. Moreover, Ms. Pirrello was an employee of the Legacy Branch and had personal knowledge that the security alert was provided to all employees at her branch.

8. Plaintiffs final objection to Ms. Pirrello's affidavit relates to the following statement in paragraph 8:

> "Neither I nor anyone else employed by Wells Fargo did anything to detain any of the Plaintiffs."

Plaintiffs objects to this statement as conclusory and lacking foundation. However, both objections are meritless. Again, Ms. Pirrello was present during the entire incident and is simply giving a first hand account of what happened and in this case, did not happen. The entirety of her affidavit demonstrates her involvement during the incident and personal knowledge of the

happenings. Moreover, the above quoted statement is supported by her account of the incident; and thus, it is not conclusory.

9.  In the unlikely event the Court should find that any portion of Ms. Pirrello's affidavit is inadmissible, the Court must still consider the remaining portions of the affidavit in making its ruling on Wells Fargo's summary judgment motion.[2]

### B.   *Wells Fargo Exhibit B*

10.  Plaintiffs object to three statements made in the affidavit of Chris Maiwald. Mr. Maiwald is a personal banker for Wells Fargo and was working at the Legacy Branch on the day in question. Moreover, Mr. Maiwald, like Ms. Pirrello, had a first hand account of the entire incident. Plaintiffs' first objection to Mr. Maiwald's affidavit relates to the following statement:

> "I heard Cindy Pirrello tell the dispatcher she was uncertain whether Mr. Ewans had a gun."

Plaintiffs object to this statement as being hearsay and contrary to discovery. For the same reasons stated in paragraph 5 above relating to Ms. Pirrello's account of the conversation between Mr. Maiwald and the dispatcher, Mr. Maiwald's first hand account of Ms. Pirrello's conversation with the dispatcher is also not hearsay. Mr. Maiwald's statement relates to his first hand observation of the conversation between Ms. Pirrello and the 911 dispatcher. These statements are not being offered to prove the truth of what Ms. Pirrello told the dispatcher; but instead, are simply being offered to show what Mr. Maiwald heard Ms. Pirrello tell the dispatcher. The value of Ms. Pirrello's statements lies in the mere fact that she made them to the dispatcher. Thus, in this instance, Mr. Maiwald's account of Ms. Pirrello's conversation with the dispatcher is not hearsay. Moreover, even if it was, Ms. Pirrello confirms Mr. Maiwald's account of the same conversation in her affidavit.

---

[2] *See Akin v. Q-L Invs.*, 959 F.2d 521, 531 (5th Cir. 1992).

11. Plaintiffs also object to the following statements in Mr. Maiwald's affidavit:

"Neither I nor any other Wells Fargo employees provided any direction to the Frisco police and had nothing to do with the officer's conduct. We neither had nor attempted to exert any control over the police or the manner in which they handled the situation."

"Neither I nor anyone else employed by Wells Fargo did anything to detain any of the Plaintiffs."

Plaintiffs objects to these statements as conclusory and lacking foundation. However, these statements are identical to the statements made by Ms. Pirrello and addressed above in paragraphs 6 and 8. For the same reasons the objections fail as to Mr. Pirrello, they also fail as to Mr. Maiwald, as both were present during the entire incident and have personal knowledge of the events that took place on that day.

### III.

### Conclusion

12. Plaintiffs' objections to Wells Fargo's Exhibits A-1, C-1 and D are moot because Plaintiffs have attached the same or similar documents to their response to Wells Fargo's Motion for Summary Judgment; thus, the substance of Exhibits A-1, C-1 and D are before the Court regardless of its ruling on Plaintiffs' objections to those exhibits. Plaintiffs' remaining objections relate to statements made in two affidavits attached to Wells Fargo's motion as Exhibits A and B. For the reasons set out above, Wells Fargo asks this Court to overrule Plaintiffs' objections to Exhibits A and B in their entirety. In the alternative, if the Court deems it proper to sustain any of Plaintiffs' objections to Exhibits A and B, Wells Fargo would ask that the Court consider the remaining portions of the affidavit in making its ruling on Wells Fargo's summary judgment motion.

Respectfully submitted,

    /s/ Shayne D. Moses
**Shayne D. Moses**
State Bar No. 14578980
**David A. Palmer**
State Bar No. 00794416
**Tawanna Lynn Cesare**
State Bar No. 24040665
**MOSES, PALMER & HOWELL, L.L.P.**
Oil & Gas Building
309 W. 7th Street, Suite 815
Fort Worth, Texas 76102
817/255-9100
817/255-9199 (Fax)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on the 29th day of June, 2009, a true and correct copy of the foregoing Response to Plaintiffs' Objections and Motion to Strike Affidavits of Cindy Pirrello, Chris Maiwald and Jeffrey Gardner and Attachments, was served on Royce West and Michael Gruber, counsel for Plaintiffs, via certified mail, return receipt requested, as follows:

Royce West
WEST & ASSOCIATES L.L.P.
320 S. R.L. Thornton Frwy., Suite 300
Dallas, Texas 75203

G. Michael Gruber
GRUBER HURST JOHANSEN & HAIL, LLP
Fountain Place
1445 Ross Avenue, Suite 4800
Dallas, Texas 75202

                                            /s/Shayne D. Moses
                                            **Shayne D. Moses / David A. Palmer**

L:\Wells Fargo\Ewans Federal\Pleadings\Federal Court Pleadings\Response to Motion to Strike Affidavits.doc